IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RODERICK WINSTON GRAHAM, et al. | ) ) | Civ. No. 11-00546 BMK |
|---|---|---|
| Plaintiffs, | ) ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| vs. | ) ) | |
| BANK OF AMERICA N.A., | ) ) | |
| Defendant. | ) ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint. (Doc. # 15.) After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, Defendant's motion to dismiss is GRANTED.

BACKGROUND

On September 8, 2011, Plaintiffs Roderick Winston Graham and Tetuanui Graham filed the Complaint in this action. (Doc. # 1.) Plaintiffs' complaint alleges in relevant part that Defendant: 1) violated the Truth in Lending Act ("TILA") by failing to make proper disclosures and by failing to honor Plaintiffs' rescission request; and 2) committed an Unfair and Deceptive Business

Act Practice ("UDAP") under Chapter 480 of the Hawaii Revised Statutes.[1] (Id. at ¶¶ 31-35.) The complaint alleges that Countrywide Bank FSB ("Countrywide") loaned Plaintiffs money on September 11, 2008, and that the loan was secured by a mortgage on Plaintiffs' residence. (Doc. # 1 at ¶¶ 14, 16.) Plaintiffs were told they would receive all closing documents at the closing, but did not receive any documents at closing. (Id. at ¶ 19.) Ten days after closing, Plaintiffs received closing documents from Countrywide. (Id. at ¶ 20.) The closing took place at Kahuku Elementary School, and the only people present were the Plaintiffs and a notary. (Id. at ¶¶ 21, 24.) On September 7, 2011, Plaintiffs rescinded the loan by sending a letter to Countrywide and Defendant. (Id. at ¶ 23 & Ex. E.) Plaintiffs allege that Countrywide has been purchased by Defendant, and that Defendant currently owns and services the loan. (Id. at ¶¶ 28, 29.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a

---

[1] The Complaint also asserts a claim for unlicensed brokering, but Plaintiff has withdrawn that claim. (Doc. # 21 at 2.)

cognizable legal theory.'" Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

## DISCUSSION

I.  Plaintiffs' TILA Claims are Dismissed With Leave to Amend.

Count I of the complaint states a claim for damages under TILA for failing to honor Plaintiffs' rescission request, and a claim for rescission based on improper disclosures provided by Defendant. (Doc. # 1 at ¶¶ 31-33.)[2] Defendants argue that these claims are untimely. (Mem. in Supp. of Mot. at 6-7.) The Court dismisses Plaintiffs' TILA rescission claim with leave to amend because Plaintiffs

---

[2] Defendant asserts that the Complaint alleges claims against "Chase" and "Wamu" but not against Defendant. (Mem. in Supp. of Mot. at 5-6.) Plaintiffs assert that this was a clerical error. (Mem. in Op. to Mot. at 9.) For the purposes of deciding this motion, the Court assumes the Complaint alleges claims against Defendant. If Plaintiffs amend their complaint, they are required to amend the Complaint to reflect the proper defendant.

did not allow a reasonable amount of time for Defendant to respond to their rescission request. The Court dismisses the TILA damages claim with leave to amend because it is based on the failure to honor Plaintiff's rescission request.

15 U.S.C. § 1640(a)(1) provides a cause of action for damages from breaches of TILA. However, 15 U.S.C. § 1640(e) provides that "[a]ny action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation . . . ." Because Plaintiffs allege that Countrywide made improper disclosures on or near the date of the loan, their claims for damages under TILA stemming from the loan origination process are barred by the applicable statute of limitations.

Plaintiffs assert that "Bank of America's refusal to rescind after receiving proper notice of rescission forms the basis of Plaintiffs' TILA damage claim, and each Plaintiff is entitled to $2000.00 statutory damages for that violation." (Mem. in Op. to Mot. at 5.) Courts have held that the statute of limitations for claims involving the wrongful failure to rescind a loan transaction runs from the date the plaintiffs submit their rescission request. See <u>Kishimoto v. H&R Block Mortg. Corp., Inc.</u>, Civ. Nos. 09-00451 & 10-00601 SOM-RLP, 2011 WL 1135158, at *7 (D. Haw. Mar. 24, 2011) ("Because TILA provides a borrower one year to file suit from the date of a lender's improper refusal to rescind, a

damage claim made in late 2009 based on a failure to rescind in the summer of 2009 is not time-barred.").

At oral argument, Defendant asserted that Plaintiffs fail to state a claim for rescission under TILA because Plaintiffs received a properly completed notice of right to rescind shortly after the loan was consummated. (See Doc. # 1 Ex C.) Defendant argues that Plaintiffs' rescission claim fails because they had three days to rescind the loan from receiving the notice of right to cancel. Furthermore, the Court notes that if Plaintiffs did not have a right to rescind the loan, their claim for damages arising from Defendant's failure to honor their request to rescind also fails.

15 U.S.C. § 1635(a) provides that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction <u>or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later</u> . . . ." (Emphasis added.) If Plaintiffs never received a properly completed notice of right to rescind, they were entitled to three years from the date of the loan to rescind the transaction. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that

5

the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ."). Plaintiffs' complaint concedes that they received the notice of the right to rescind approximately ten days after the loan was consummated. (Doc. # 1 at ¶¶ 18, 20, 27, Ex. C.) At oral argument, Plaintiffs asserted that the notice of right to rescind was confusing and misleading. Plaintiffs assert that they had three years to rescind the loan because the notice of right to cancel was not properly completed. See 15 U.S.C. § 1635(f).

The Court concludes that Defendant has not shown that the notice of right to rescind triggered the three day rescission time period. In Stanton v. Bank of America, N.A., this Court rejected a similar argument with respect to a substantively identical notice of right to cancel. Civ. No. 09-00404 LEK-BMK, 2011 WL 6011785, at *5 (D. Haw. Nov. 30, 2011). In that case, the plaintiff received a notice of right to cancel on February 12, 2007, "stating that the date of the transaction was February 1, 2007 and that [she] had until midnight on February 5, 2007 to cancel each loan." Id. at *4 (quotation marks omitted). The notice of right to rescind did not state the specific date upon which the plaintiff was required to rescind the transaction, but stated that the plaintiff had three days from receipt of the notice of right to rescind. Id. at *5. The Court held that Semar v. Platte Valley

Federal Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986) applied and was not overruled by the 1995 amendments to TILA. Id. at *16-17. The Court held that in "spite of the use of the model forms in this case, Plaintiff may still assert a claim that the three-year rescission period applied because, under the specific circumstances of the transactions at issue, Plaintiff did not receive clear and conspicuous notice of her right to cancel." Id. at *17. The Court held that whether "the disclosures that Plaintiff received were clear and conspicuous is a question of fact that is not appropriate for summary judgment." Id. Therefore, Court denied defendants' motion for summary judgment on that basis. Based on the Court's analysis in Stanton, this Court concludes that it cannot grant Defendant's motion to dismiss on this ground, because it is unclear that the notice of right to rescind complied with TILA as a matter of law.

Defendant also asserts that Plaintiffs' TILA rescission claim should be dismissed because they filed their lawsuit one day after submitting their request to rescind the loan. (Mem. in Reply at 5.) Plaintiffs submitted their request to rescind the loan on September 7, 2011, and filed their complaint on September 8, 2011. (Doc. # 1 at ¶ 23.) Defendant asserts that courts in this district have held that "Plaintiffs cannot seek damages for Defendants' failure to honor a request for rescission before Defendants received such request and had an opportunity to

respond to it." See Rodrigues v. Newport Lending Corp., Civ. No. 10-00029 HG-LEK, 2010 WL 4960065, at *6 (D. Haw. Nov. 29, 2010). The Court agrees with Defendants that the TILA claim for the failure to honor Plaintiffs' rescission request must be dismissed because Plaintiffs did not allow Defendant a reasonable amount of time to respond to the rescission request. However, the Court concludes that leave to amend the complaint is appropriate because, at this point, Plaintiffs may be able to claim that Defendants did not respond properly to their rescission request. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (holding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

Defendant also asserts that this is a residential mortgage transaction and that the right to rescind does not apply to this transaction. (Mem. in Supp. of Mot. at 7-8); See 15 U.S.C. § 1635(e)(1). Plaintiffs assert that the purpose of this loan was to refinance their home residence, and that a residential mortgage transaction occurs when "a mortgage . . . is created or retained against the consumers dwelling to finance the acquisition or initial construction of such dwelling." (Mem. in Op to Mot. at 7-8); 15 U.S.C. § 1602(x). Plaintiffs assert that they already owned their home at the time the loan was consummated. (Mem. in Op. to Mot. at 7.) At oral argument, Defendant did not dispute Plaintiffs' reading

8

of TILA, but requested that Plaintiffs amend the complaint to clearly state that the loan was not a residential mortgage transaction. Plaintiffs are therefore given leave to amend their complaint to clarify that the transaction at issue is not a residential mortgage transaction.

Defendant asserts that Plaintiffs waived their right to rescind the loan by accepting the benefits of the loan. (Mem. in Supp. of Mot. at 9.) Defendant cites to case law stating that parties to a contract can waive their right to rescind by accepting the contract's benefits. See Gill v. Rich, 128 Cal. App. 4th 1254, 1264 (2005). However, Defendant has not produced any authority that in a TILA case where the three year period to rescind has been triggered by a TILA violation, the plaintiff's acceptance of loan benefits waives the right to rescind. Therefore, the Court concludes that Plaintiffs have not waived their statutory rights under TILA by accepting the benefits of the loan.

Finally, Defendant asserts that the TILA claim is inadequately pled because "Plaintiffs have not – and cannot – sufficiently allege any facts establishing that Defendant violated TILA." (Mem. in Supp. of Mot. at 9-10.) Specifically, Defendant asserts that Plaintiffs failed to specify how TILA was violated and failed to plead detrimental reliance, which is a necessary element of a TILA damages claim. (Id. at 10.) As discussed above, Defendant's argument

9

regarding the ability to prove a TILA violation is not persuasive because Plaintiffs have alleged that the notice of right to cancel was improperly disclosed and that Defendant failed to honor their request to rescind. (Doc. # 1 at ¶¶ 32, 33.) Furthermore, Plaintiffs attached those disclosures to the Complaint. With respect to detrimental reliance, it appears that Plaintiffs have not alleged detrimental reliance, which is a necessary element of a TILA claim for actual damages. See In re Smith, 289 F.3d 1155, 1157 (9th Cir. 2002) ("We join with other circuits and hold that in order to receive actual damages for a TILA violation . . ., a borrower must establish detrimental reliance.") (internal citation omitted). If Plaintiffs amend their complaint, they can address this issue.

Based on the above analysis, the Court dismisses the TILA claims for damages and rescission with leave to amend the complaint.

II.     Plaintiffs' UDAP Claim is Dismissed.

Plaintiffs' Complaint alleges that Defendant committed unfair and deceptive business practices in violation of HRS Chapter 480 by making "false representations as to the terms of the loan and application," failing to provide Plaintiffs with documents in a timely fashion, and charging Plaintiffs "excessive" amounts. (Doc. # 1 at ¶ 33.)

There are "three elements essential to recovery under H.R.S. §

480–13: (1) a violation of H.R.S. chapter 480; (2) injury to the plaintiff's business or property resulting from such violation; and (3) proof of the amount of damages." Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1215–16 (Haw. 2006) (footnote omitted). HRS § 480-2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." A practice is unfair "when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Chandler v. Washington Mut. Bank, F.A., Civ. No. 10-00487 ACK-KSC, 2011 WL 6140926, at *10 (D. Haw. Dec. 9, 2011) (quotations marks omitted) (quoting Rosa v. Johnston, 651 P.2d 1228, 1234 (Haw. App. 1982)).

Defendant asserts that Plaintiffs' UDAP claim should be dismissed because it is predicated on their TILA claim, fails to properly allege actual damages, and fails to allege fraud with sufficient particularity. (Mem. in Supp. of Mot. at 10-13.) Plaintiffs assert that their UDAP claim is adequately pled because the failure to provide documents at closing also violates HRS Chapter 480 "separate and apart from TILA," and their complaint alleged actual damages. (Op. to Mot. to Dismiss at 9-11.)

The Court concludes that Plaintiffs have not stated a claim for UDAP.

To the extent that Plaintiffs' UDAP claim relies upon conduct regulated by TILA, it is preempted. Courts in this district have held that UDAP claims premised on the same conduct in TILA claims are preempted. Chandler, 2011 WL 6140926, at *11 (holding that a UDAP claim is preempted to the extent it is based on TILA violations). Thus, Plaintiffs' allegations that Countrywide failed to provide timely notice of the right to rescind do not state a claim for UDAP.

To the extent that Plaintiffs assert that other conduct such as false representations or "excessive charges" supports their UDAP claim, they have not pled them with the requisite specificity to state a claim for UDAP. See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Neither the Complaint nor the opposition to the motion to dismiss lay out sufficient factual matter underlying a UDAP claim outside the scope of Plaintiff's TILA claim. Plaintiffs fail to assert what constituted the UDAP violation and when it occurred. Therefore, the Court dismisses Plaintiffs' UDAP claim.

## CONCLUSION

Defendant's Motion to Dismiss is GRANTED, and Plaintiffs are given until April 30, 2012 to amend their complaint with respect to their TILA and

UDAP claims.

DATED: Honolulu, Hawaii, March 29, 2012.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Graham v. Bank of America N.A., Civ. No. 11-00546 BMK, ORDER GRANTING DEFENDANT'S MOTION TO DISMISS