IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RODERICK WINSTON GRAHAM, et al. | ) ) | Civ. No. 11-00546 BMK |
| | ) | ORDER DENYING |
| Plaintiffs, | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America, N.A.'s Motion to

Dismiss Plaintiff's First Amended Complaint.  (Doc. # 32.)  After careful

consideration of the motion, the supporting and opposing memoranda, and the

arguments of counsel, Defendant's motion to dismiss is DENIED.

BACKGROUND

On September 8, 2011, Plaintiffs filed the complaint in this case,

alleging that Defendant violated the Truth in Lending Act ("TILA") and committed

Unfair and Deceptive Business Practices ("UDAP") in violation of Hawaii Revised

Statutes Chapter 480.  (Doc. # 1.)  Defendant subsequently moved to dismiss the

complaint, and this Court dismissed the complaint with leave to amend.  (Doc. #

27.)  The Court concluded that: 1) Plaintiffs' rescission claim failed to plead that

Defendant had an adequate amount of time to respond to the request to rescind; and 2) Plaintiffs' UDAP claim was preempted by TILA and was not adequately pled. (Id. at 3-12.)  Plaintiffs filed their First Amended Complaint on April 27, 2012. (Doc. # 29.)  Defendants subsequently filed the instant motion to dismiss asserting that Plaintiffs' TILA and UDAP claims are insufficiently pled.  (Doc. # 32.)  As discussed below, the Court DENIES Defendant's motion to dismiss.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

DISCUSSION

I.      Defendant's Motion To Dismiss is Denied With Respect To
        Plaintiffs' TILA Claims.

Defendant asserts that Plaintiffs' TILA claim fails because it: 1) is time-barred; 2) does not adequately allege detrimental reliance; and 3) was waived by Plaintiffs' acceptance of the benefits of the loan.  (Doc. # 32 at 8-10.)

First, Plaintiffs' TILA damages claim is based on Defendant's wrongful failure to rescind the loan.  Although TILA has a one year statute of limitations for damages claims, the statutory period for Defendant's wrongful failure to rescind a transaction runs from the date Defendant refused to rescind. See Buick v. World Savings Bank, 637 F. Supp.2d 765, 771-72 (E.D. Cal. 2008) (noting that a lender's failure to honor Plaintiffs' request to rescind is a "distinct and actionable violation" of TILA, and that the one-year limitations period for a damage claim based on such violation begins to run at the time the lender failed to honor the rescission request).  Because Plaintiffs filed suit within a year of Defendant's failure to rescind, Plaintiffs' TILA damages claim is timely so long as their rescission claim survives.  As discussed below, Plaintiffs have sufficiently pled facts demonstrating they were entitled to rescind the transaction.  Therefore, the damages claim stemming from the wrongful failure to rescind is timely.

3

Second, Defendant argues that Plaintiffs' TILA damages claim is inadequately pled because it fails to allege detrimental reliance. (Mem. In Supp. of Motion at 10.) Plaintiffs assert that they have sufficiently alleged detrimental reliance in the Complaint. (Mem. in Op. at 9.) The Ninth Circuit has held that "in order to receive actual damages for a TILA violation, i.e., 'an amount awarded to a complainant to compensate for a proven injury or loss,' . . ., a borrower must establish detrimental reliance." In re Smith, 289 F.3d 1155, 1157 (9th Cir. 2002). In the context of a TILA disclosure violation, plaintiffs must prove that they would have secured a better loan or foregone the loan completely to show any actual damage. Id. Plaintiffs have alleged that Defendant violated TILA by failing to honor their request to rescind the loan, and that they "suffered serious personal as well as pecuniary injury and emotional harm as a result of Countrywide and BOA's actions . . . ." (Compl. at ¶ 42.) At this stage of the proceedings, Plaintiffs' amended complaint adequately alleges actual damages stemming from Defendant's refusal to rescind the loan.

Third, Defendant's argument that Plaintiffs waived their right to rescind under TILA is not persuasive. In the prior order dismissing Plaintiff's complaint, this Court rejected this argument because Defendant had not produced authority indicating that Plaintiffs could waive their right to rescind by accepting

4

loan benefits when the three year rescission period applied.  (Doc. # 27 at 9.)

Defendants now argue that <u>Wilson v. Homeowners Loan Corp.</u> shows that a

plaintiff can waive their right to rescind.  263 F. Supp.2d 1212 (E.D. Mo. 2003).

In <u>Wilson</u>, the Plaintiff sent a notice of rescission but the bank did not receive it.

<u>Id.</u> at 1214.  The court held that even if the bank had received the rescission notice,

the plaintiff's failure to take any action after her attempt to rescind waived her right

to rescind the loan.  <u>Id.</u> at 1218.  <u>Wilson</u> is distinguishable because the plaintiff in

that case accepted loan benefits after she had attempted to rescind the loan and her

rescission period had expired.  In this case, Plaintiffs have alleged a technical

violation of TILA which would entitle them to the three year period to rescind.

(Doc. # 27 at 6.)  The complaint alleges that they attempted to rescind the loan

during that three year period, but Defendant failed to honor that request.  (Compl.

at ¶ 31.)  After Defendant failed to rescind, Plaintiffs filed suit.  Defendants have

not produced any authority indicating that a plaintiff's acceptance of loan benefits

waives the right to rescind when they attempt to rescind during the time period

provided by TILA and file suit shortly thereafter.  Thus, Plaintiffs have adequately

alleged that they had a right to rescind the loan.

II.        <u>Defendant's Motion To Dismiss Is Denied With Respect To
           Plaintiffs' UDAP Claims.</u>

           Defendant asserts that Plaintiffs' UDAP claim is: 1) preempted by

5

TILA; and 2) not pled with the requisite specificity because it fails to allege

damages and does not meet the standard for pleading fraud.  (Doc. # 32 at 12-15.)

Plaintiffs assert that they have not based their UDAP claim on fraud or their TILA

claims.  They assert that they sufficiently alleged a UDAP claim based on improper

and undisclosed charges, the failure to give closing documents to Plaintiffs at the

signing, and causing confusion by holding the closing at a high school with only a

notary present.  (Mem. In Op. at 12.)

        First, Defendant has not shown that all of Plaintiffs' amended UDAP

claims are preempted.  Plaintiffs' amended complaint alleges that Defendant

violated UDAP by falsely representing the terms of the loan, failing to provide

documents to plaintiff in a timely manner, and making excessive charges.  (Compl.

at ¶ 45.)  Plaintiffs' amended complaint also alleges that:  1)  they were told they

would receive all closing documents at the closing, but did not receive them until

ten days after closing; 2) the only person attending the closing was a notary who

was unable to explain any of the documents to plaintiff and only told them where

to sign; and 3) various fees such as the notary fee and "loan fee to lender" were

improper or were not disclosed.  (Compl. at ¶¶ 20, 22, 23, 25, 27, 34.)

        Defendant asserts that this conduct is preempted because it is based on

Plaintiffs' TILA claim.  (Mem. In Supp. at 12.)  However, Defendant has not

6

demonstrated how allegations of improper charges, failing to answer questions, or failing to provide any closing documents are preempted by TILA.  The Court concludes that Plaintiffs' amended complaint alleges conduct different from its TILA claim and that Defendant has not carried its burden of demonstrating that all of the conduct alleged in Plaintiffs' amended complaint is preempted.

Second, Defendant's argument that Plaintiffs have failed to plead their UDAP claim with the requisite specificity fails.  The amended complaint alleges that specific charges were improper and also alleges that Plaintiffs were confused by holding the closing with only a notary who did not answer questions or provide copies of closing documents.  The Court concludes that Plaintiffs' amended complaint provides sufficient background regarding the conduct in dispute.

Finally, Plaintiffs' amended complaint alleges that as a result of the unfair and deceptive practices "Plaintiffs have suffered injury to their property in an amount to be proved at trial . . . ."  (Compl. at ¶ 47.)  The Complaint also alleges that the failure to give documents at closing "resulted in confusion regarding the terms of the loan, and in Plaintiffs' overpaying on the loan."  (Id. at ¶ 36.)  The Court finds that Plaintiffs have adequately pled damages for their UDAP claim.

<u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion to Dismiss is DENIED.

DATED:  Honolulu, Hawaii, July 31, 2012.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Graham v. Bank of America N.A., Civ. No. 11-00546 BMK, ORDER DENYING
DEFENDANT'S MOTION TO DISMISS